

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2008

# In Re: Thomas Olick

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1595

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Thomas Olick " (2008). *2008 Decisions*. Paper 1066.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1066

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1595

IN RE: THOMAS W. OLICK,

                              Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 03-cv-06723)
District Judge:  The Honorable William H. Yohn

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2008

Before: BARRY, STAPLETON, Circuit Judges, and RESTANI,[*] Judge

(Opinion Filed:  June 4, 2008)

OPINION

STAPLETON, Circuit Judge

    Appellant Thomas Olick, appearing *pro se*, appeals the decision of the District

_____

[*]  Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

Court affirming the decision of the Bankruptcy Court denying two motions filed by Olick: (1) a January 9, 2003 motion under Bankruptcy Rule 9024 seeking relief from the Bankruptcy Court's March 1, 2001 decision awarding attorney's fees to Olick's former counsel, Appellee William House; and (2) a January 27, 2003 motion under Bankruptcy Rules 9024 and 9023 seeking relief from both the March 1, 2001 decision and the Bankruptcy Court's January 16, 2003 decision enlarging the time period for which House was entitled to receive attorney's fees. We will affirm.

**I.**

Because we write only for the parties, familiarity with the facts is presumed, and we set forth only those facts that are relevant to our analysis.

House represented Olick in his Chapter 13 bankruptcy and related proceedings, beginning on April 29, 1997. On March 20, 1998, Olick informed House that he intended to discharge him as counsel, but notwithstanding this apparent rift, House continued to represent Olick until December 7, 1998, when Olick discharged him. On January 21, 1999, House filed a fee application with the Bankruptcy Court, seeking fees for the period April 29, 1997 through December 7, 1998. Olick objected, claiming that he had terminated House on March 20, 1998, and that House was not entitled to attorney's fees after that date.[1] On January 25, 1999, before House's motion for attorney's fees had been

_____

[1] Olick conceded in the Bankruptcy Court that House was entitled to attorney's fees for the period April 29, 1997 through March 20, 1998.

2

decided, Olick's Chapter 13 plan was confirmed by the Bankruptcy Court. The plan, prepared by Olick, "provide[d] for the payment in full of all claims entitled to priority under 11 U.S.C. § 507 and all unsecured claims" (App. 1), but it made no provision for the payment of attorney's fees to House.

On January 20, 2000, the Bankruptcy Court awarded fees to House for the period April 29, 1997 through March 20, 1998, but held that any work performed by House after March 20, 1998 was on a volunteer basis. Olick moved for reconsideration, and on March 1, 2001, the Bankruptcy Court reaffirmed its conclusion that House was entitled to attorney's fees, but it extended the period for which he was entitled to compensation through March 24, 1998.

Olick appealed the March 1, 2001 decision to the District Court. On March 19, 2002, the District Court affirmed in part, but remanded to the Bankruptcy Court to explain the basis for its finding that House served as a volunteer after March 24, 1998. On January 9, 2003, before the Bankruptcy Court had entered a decision on remand, Olick filed a Rule 9024 motion (the "January 9 Motion") with the Bankruptcy Court seeking relief from the March 1, 2001 decision. On January 16, 2003, the Bankruptcy Court concluded that it had previously erred in finding that House had served on a volunteer basis after March 24, 1998 and ruled that he was therefore entitled to attorney's fees for the period April 29, 1997 through December 7, 1998. On January 27, 2003, Olick filed a motion under Rules 9024 and 9023 (the "January 27 Motion"), seeking relief

from both the March 1, 2001 decision and the January 16, 2003 decision.  After a hearing,

the Bankruptcy Court on November 14, 2003 denied the January 9 Motion and the

January 27 Motion on the merits and, to the extent they related to the March 1, 2001

decision, as untimely.  The District Court affirmed by order of February 9, 2005.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1).  In reviewing the

Bankruptcy Court's determinations, "we stand in the shoes of the district court, applying a

clearly erroneous standard to the bankruptcy court's findings of fact and a plenary

standard to that court's legal conclusions."  *In re IT Group, Inc.*, 448 F.3d 661, 667 (3d

Cir. 2006) (citation omitted).  Although Olick raises several issues on appeal, ultimately

our review is limited to whether the Bankruptcy Court abused its discretion in denying the

January 9 Motion and the January 27 Motion.[2]  *See McDowell v. Philadelphia Hous.*

---

[2]  Olick's opening brief identifies eight issues:  (1)  "[W]as the order denying
Appellee's objection [to confirmation of the Chapter 13 plan] a final order and thus res
judicata to his objection that confirmation of the Plan was illegal?"; (2) "Did Appellee's
Proof of Claim and Fee Application become a 'claim' at the time it was filed or when
there was a final order on Appellant's objections thereto?"; (3) "Should the orders under
appeal be vacated because they violate the provisions of Statute @ 206 rendering the
statutory language of B.R. 1327(a), 1328, 1330(a), 8002, 9023, and 9024 superfluous,
meaningless or irrelevant?"; (4) "In a bankruptcy proceeding, is discovery permitted
regarding the validity of a contested claim against the Bankruptcy Estate?"; (5) "Did the
bankruptcy court abuse its discretion when it refused to allow the admission of newly
obtained evidence of Appellee's fraudulent...misconduct within one year of entry of an
order?"; (6) "When the courts continue to amend their orders regarding the period for
which administrative fees shall be awarded, is a final appealable order entered when the
last amendment is made?"; (7) "When the Appellee withdrew his Proof of Claim with the
attached summary of administrative expenses, was the issue of his compensation Moot

4

*Auth.*, 423 F.3d 233, 238 (3d Cir. 2005) (denial of Rule 59(e) motion reviewed for abuse of discretion); *Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 342 (3d Cir. 2003) (denial of Rule 60(b) motion reviewed for abuse of discretion). "An abuse of discretion may occur as a result of an errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact." *McDowell*, 423 F.3d at 238. We conclude that there was no abuse of discretion.

### III.

Olick's January 9 Motion was titled a "B.R. 9024 Motion for Relief From A Judgment or Order." Supp. App. at 155. His January 27 Motion was styled "B.R. 9024 & 9023 Motions for a New Trial, Amendment of Judgment and Relief From A Judgment or Order." Supp. App. at 161. B.R. 9023 provides that Fed. R. Civ. P. 59 ("Rule 59") applies in cases under the Bankruptcy Code, with limited exceptions, and B.R. 9024 provides that Fed. R. Civ. P. 60 ("Rule 60") applies in cases under the Code, with specified exceptions.

Rule 59 stipulates that a "motion for a new trial must be filed no later than 10 days

---

because there was no longer a claim against the bankruptcy estate?"; and (8) "Was Debtors' Motion to Discharge Counsel...'written notice' that he was discharged as required by the Retainer Agreement?" (Olick Opening Br. 1-2.)

We are required to construe his *pro se* brief liberally, *see United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007), and in so doing we find that he also has challenged the Bankruptcy Court's finding of untimeliness as to the March 1, 2001 decision. Moreover, we interpret all the issues raised by Olick as bearing on the ultimate inquiry, *i.e.*, whether the Bankruptcy Court abused its discretion in denying the January 9 Motion and the January 27 Motion.

after the entry of judgment" and that a "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(b), (e). Rule 60(b) lists the grounds for granting relief from a judgment, and Rule 60(c) provides that any motion under Rule 60(b) "must be made within a reasonable time" and, in any event, with respect to the first three grounds for relief, "no more than a year after the entry of the judgment . . .. " Fed. R. Civ. P. 60(c)(1).

Olick filed his January 9 Motion roughly 22 months after the Bankruptcy Court's March 1, 2001 order.[3] The District Court and Bankruptcy Court both recognized that Olick had previously raised the issues therein in an earlier motion for reconsideration filed January 18, 2002.[4] That earlier motion was filed ten months after the March 1, 2001 order. However, the Bankruptcy Court ruled that, even giving Olick the "benefit of the doubt" and basing timeliness on that earlier motion, the ten month delay was not a "reasonable time," as the Rule requires. The District Court similarly found no justifiable reason for the delay and ruled that the claims presented in that motion "[were] within [Olick's] reach when the order was entered on March 1, 2001." App. 50. We hold that this ruling was not an abuse of the Court's discretion.

---

[3] In this motion Olick argued that the Court's confirmation order was conclusive as to House's entitlement to fees and that the Court erred in its March 1, 2001 order when it awarded House fees not provided for in the Plan. Supp. App. at 157-59.

[4] On January 18, 2002, Olick had filed a prior motion seeking relief from the Bankruptcy Court's March 1, 2001 order. The Court dismissed that motion for lack of jurisdiction because appeal of the March 1, 2001, order was still pending. App. 26-27.

In the January 27 Motion, Olick again raised the same issues concerning the Bankruptcy Court's March 1, 2001 order. Olick filed his January 27 Motion nearly two years after the Bankruptcy Court's March 1, 2001 order. For the same reasons discussed above, it was not an abuse of discretion for the Bankruptcy Court and the District Court to find this delay in the challenge to the March 1, 2001 order unreasonable as well.

## IV.

As we have noted, Olick's January 27 Motion challenged the Bankruptcy Court's order of January 16, 2003, as well as its March 21, 2001 order. To the extent the January 27 Motion challenged that later order, it was not untimely. The sole effect of the January 16, 2003 order and the accompanying memorandum opinion was to withdraw an earlier factual finding of the Bankruptcy Court that House's representation had terminated on March 24, 1998 and substitute a factual finding that it had lasted until December 7, 1998. As a result, the only new matter in the January 27 Motion is an attack on a finding of fact regarding the date of termination.

We agree with the Bankruptcy and District Courts that Olick has identified no ground for relief from the Bankruptcy Court's January 16, 2003 order that is cognizable under either Rule 59 or Rule 60(b).[5] Accordingly, we will affirm their denial of relief.

---

[5] In his January 27 Motion, Olick challenges the Bankruptcy Court's factual finding concerning the termination date, seeks a hearing in which to offer further testimony on that matter, and seeks to compel further discovery concerning House's fee.

Olick further alleges before us that House padded his fee claim by including the entire time consumed by a phone call when that call was devoted in part to another

7

**V.**

The District Court's order of February 9, 2005 will be affirmed.

---

matter.  This claim is based on an affidavit that was not executed until July 8, 2003, and this ground was not asserted in the January 27 Motion.  Moreover, the Bankruptcy Court, when it denied Olick's motions, declined to consider the July 8, 2003 affidavit because the affiant was not made available for cross-examination by House, and because the information contained therein had been available to Olick when the Court entered the March 1, 2001 and January 16, 2003 orders.  The Bankruptcy Court's refusal to consider the July 8, 2003 affidavit was authorized by Fed. R. Civ. P. 43, made applicable to bankruptcy courts by B.R. 9017, which provided at the time:

> [w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits . . . but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

Fed. R. Civ. P. 43(e) (since amended).