

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2007

# USA v. Otero

Precedential or Non-Precedential: Precedential

Docket No. 05-3739

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Otero" (2007). *2007 Decisions*. Paper 344.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/344

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3739
_____

UNITED STATES OF AMERICA

v.

DEMETRIO OTERO,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00196)
District Judge:  The Honorable William W. Caldwell
_____

ARGUED JULY 11, 2007

BEFORE: RENDELL, AMBRO,
and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed September 12, 2007)
_____

Gerald C. Peterson, Esq.
Brian J. Wanamaker, Esq. (Argued)
Winston & Strawn
35 West Wacker Drive, Suite 4200
Chicago, IL 60601

       Counsel for Appellant

Theodore B. Smith, III, Esq. (Argued)
James T. Clancy, Esq.
Office of the United States Attorney
228 Walnut Street, PO Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

       Counsel for Appellee

_____

OPINION OF THE COURT
_____


NYGAARD, <u>Circuit</u> <u>Judge</u>.

Demetrio Otero appeals from an order denying his *pro se* petition for habeas corpus relief under 28 U.S.C. § 2255. Otero alleged in his petition that his trial counsel was ineffective for

2

failing to object at his sentencing to a 16-point offense level increase which resulted from an earlier conviction for simple assault. He argued there, as here, that simple assault is not a "crime of violence," and, hence, his conviction does not support the 16-point enhancement the District Court imposed. The District Court denied his habeas petition. We will reverse.

## I.

Appellant Demetrio Otero, a citizen of Mexico, pleaded guilty to one count of illegal re-entry into the United States by an alien previously deported following a conviction for an aggravated felony. *See* 8 U.S.C. § 1326 (a) and (b)(2).

At sentencing, the District Court increased Otero's offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii), because the court concluded that simple assault qualified as a crime of violence under that provision. Otero was sentenced to 60 months' imprisonment and did not file a direct appeal.

Otero filed a *pro se* motion pursuant to 28 U.S.C. § 2255, alleging that his sentence was excessive because the District Court improperly used the simple assault conviction to increase his offense level by 16 levels. Otero asserted that his trial counsel was ineffective for failing to raise the issue or object to the PSR. The District Court held that the 16-level increase was properly imposed because the simple assault conviction so qualified as an aggravated felony under § 2L1.2(b)(1)(A)(ii). The District Court concluded that using the PSR to prove Otero's simple assault conviction (supporting the 16 increase) was proper, and that Otero failed to meet his burden of establishing ineffective assistance of counsel. Accordingly, the District Court denied Otero's § 2255 motion and refused a certificate of appealability. Otero timely filed his notice of appeal and request for a certificate of appealability. We granted

4

Otero's request for a certificate of appealability but limited the

issues on appeal as follows:

> [I]n addition to any other arguments they wish to present, the parties' briefs should discuss whether counsel performed unreasonably in failing to make an argument concerning Appellant's conviction for simple assault in light of prior cases such as *Taylor v. United States*, 495 U.S. 575, 600 (1990), *Jobson v. Ashcroft*, 326 F.3d 367 (2d Cir. 2003), *United States v. Vargas-Duran,* 356 F.3d 598 (5th Cir. 2004), and the like. We also grant a certificate of appealability as to Appellant's argument that there was insufficient proof of the prior conviction under *Shepard v. United States*, 125 S.Ct. 1254 (2005).[1]

[1] Although we granted a certificate of appealability on two issues, we need not reach Otero's claims under *Shepard* because we will reverse on his ineffective assistance of counsel claim, grant the writ, and remand the cause for re-sentencing. We do not reach constitutional issues unnecessarily. *See Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.,* 401 F.3d 123, 130-31 (3d Cir. 2005) (citing *Spicer v. Hilton,* 618 F.2d 232, 239 (3d Cir. 1980)).

*United States v. Otero*, No. 05-3739 (November 17, 2005).[2] We

will affirm.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C.

§§ 1291 and 2253(a). Our jurisdiction is premised on 28 U.S.C.

§ § 1291, 2253, and 2255. Counsel was appointed for the

---

[2] Otero also contests whether an 8-level enhancement for a prior aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) would be appropriate in this case. If the basis of that enhancement was his prior conviction for simple assault, he is correct. *See* U.S.S.G. § 2L1.2(b)(1)(C) app. note 2 (defining "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43)); *Popal v. Gonzales*, 416 F.3d 249 (3d Cir. 2005) (holding that a conviction for simple assault under Pennsylvania law does not qualify under 8 U.S.C. § 16(b), by way of 11 U.S.C § 1101(a)(43), as an 'aggravated felony'). This, however, also calls into question the Government's argument here that the predicate aggravated felony in fact was the simple assault. Otero does not challenge the validity of his guilty plea, though, and we note that he also has a prior conviction for Theft by Unlawful Taking, which could serve as the predicate aggravated felony. We leave it to the District Court on remand to sort through the implications of this issue, if any.

Appellant pursuant to 28 U.S.C. § 1915(e)(1).[3]  Because the issues identified by the COA are purely legal, our review is plenary.  *See United States v. Coleman*, 451 F.3d 154, 156 (3d Cir. 2006).

### III.

It is now axiomatic that to prevail on a claim of ineffective assistance of counsel, Otero must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Albrecht v.  Horn*, 485 F.3d 103, 127 (3d Cir. 2007).

---

[3.]The Court is grateful for the services rendered by appointed counsel, Gerald C.  Peterson, Esq.  and Brian J. Wanamaker, Esq., of the law firm of Winston & Strawn, Chicago, Illinois.

Although Otero did not articulate specifically in his petition that simple assault does not qualify as a crime of violence, we construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). That he did not separately list the issue as a ground does not deter us from considering the issue. *Haines*, 404 U.S. at 520 (*pro se* prisoner complaint, "however inartfully pleaded" is held "to less stringent standards than formal pleadings drafted by lawyers...."); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003).

As noted, Otero was convicted of simple assault. In Pennsylvania, simple assault is committed when a defendant:

> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
>
> (2) negligently causes bodily injury to another with a deadly weapon;
>
> (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or

8

(4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

18 PA. CONS. STAT. ANN. § 2701(a) (2003).

Section 2L1.2(b)(1)(A) of the Guidelines provides for a 16-level increase for a defendant like Otero who was "previously deported . . .after a conviction for a felony that is a crime of violence." The Guidelines definition of "crime of violence" is "an offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, application note 1(B)(iii).

We are required to take a categorical approach when deciding whether a conviction is for a crime of violence. *Taylor v. United States,* 495 U.S. 575, 602 (1990). That is to say we

9

must look to the statute that Otero was convicted of violating, to see whether the crimes therein described qualify as crimes of violence. If so, the enhancement is proper.

Although we have yet to specifically decide whether simple assault in Pennsylvania qualifies as a crime of violence under U.S.S.G. § 2L1.2, we recently held that an alien's conviction under Pennsylvania's simple assault statute did not constitute a crime of violence under 18 U.S.C. § 16(a) that would render the alien removable as an aggravated felon. *See Popal v. Gonzales*, 416 F.3d 249, 254 (3d Cir. 2005).[4]

We held in *Popal* that because a Pennsylvania simple assault violation requires a minimum *mens rea* of recklessness

---

[4.] Although the issue in *Popal* was the removal of an alien for committing a crime of violence under § 16(a), its reasoning is applicable to this case because its definition of "crime of violence" is very similar to the definition contained in § 2L1.2, i.e., whether the offense "has as an element the use ... of physical force against the person or property of another."

rather than intent, it is not a crime of violence. *Popal*, 416 F.3d at 254. The reasoning behind our decision was hardly new or innovative. Indeed, we held therein that it is "settled law in this Circuit that an offender has committed a 'crime of violence' only if he acted with an intent to use force." *Popal*, 416 F.3d at 254. *See also United States v. Parson*, 955 F.2d 858 (3d Cir. 1992). *Popal* limits categorical crimes of violence to offenses committed through intentional use of force against another rather than reckless or grossly negligent conduct. *Id. See also Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1132 (9th Cir. 2007). Although the issue in *Popal* was the removal of an alien for committing a crime of violence under § 16(a), its definition of "crime of violence" is identical to the definition contained in § 2L1.2, that is, whether the offense "has as an element the use ... of physical force against the person or property of another."

11

Therefore, we conclude that our holding in *Popal* applies to the relevant crime of violence definition under U.S.S.G. § 2L1.2.[5]

Turning to Otero's ineffective assistance of counsel claims, the issue becomes whether counsel performed unreasonably in failing to object to the 16-level enhancement, and the use of the PSR. Initially we note that, on its face, the Pennsylvania simple assault statute does not require the "use of force" when "causing bodily injury." 18 PA. CONS. STAT. ANN. § 2701(a)(1). Given the available teachings of *Taylor*, counsel did not need to rely on available precedent to make an argument that simple assault in Pennsylvania is not a "crime of violence." The statute does not contain "use of force" as an element of the

[5.]The Government would have us look to Otero's indictment for additional information regarding the nature of the simple assault to which he pleaded guilty. Regardless whether this would be appropriate, doing so would not strengthen the Government's case, for the indictment alleged that Otero's actions had been taken "intentionally, knowingly, or *recklessly*." (Emphasis added).

12

offense and counsel's performance could be deemed deficient on this basis alone.

Moreover, before the PSR was created and Otero sentenced, there was existing case law calling into doubt whether simple assault qualified as a crime of violence for sentence enhancement purposes. Indeed, the Supreme Court in *Taylor* had years earlier enunciated the categorical approach rule under which counsel could have argued that simple assault was not a crime of violence because the minimum *mens rea* required for a conviction under the Pennsylvania statute is lower than intent.

Additionally, our decision in *Parson*, *supra.*, was available at the time of Otero's sentencing. In *Parson*, we stated that an offender has committed a "crime of violence" under 18 U.S.C. § 16(a) only if he acted with an intent to use force. 955 F.2d at 866. See also *Jobson v. Ashcroft*, 326 F.3d 367, 372-73

13

(2d Cir. 2003) (holding that second-degree manslaughter was not a crime of violence, and thus was not an aggravated felony warranting an alien's removal). Also, in *United States v. Vargas-Duran*, 356 F.3d 598 (5th Cir. 2004), the Court of Appeals for the Fifth Circuit determined that Texas' intoxication assault statute did not qualify as a crime of violence for the purpose of applying the 16-level sentencing enhancement under § 2L1.2. The court held that the "use" of force under § 2L1.2 requires that a defendant *intentionally* avail himself of that force. *Vargas-Duran*, 356 F.3d at 599 (emphasis added). The court further held that the intentional use of force must be an element of the predicate offense if the predicate offense is to enhance a defendant's sentence. *Id.* at 600. We acknowledge that counsel cannot be deficient for failing to cite and argue cases decided after sentencing. *See, e.g., Fountain v. Kyler*, 420 F.3d 267, 274 (3d Cir. 2005) ("[c]ounsel cannot be held

14

ineffective for failing to predict future developments in the law."). But, counsel does have a duty to make reasonable investigations of the law. *See Strickland,* 466 U.S. at 691. We have specifically held that counsel's failure to cite favorable decisions from other courts of appeals indicates deficient performance. *See, e.g., Jansen v. United States*, 369 F.3d 237, 243 (3d Cir. 2004); *United States v. Franks*, 230 F.3d 811, 814 (3d Cir. 2000); *United States v. Headley*, 923 F.2d 1079, 1083-84) (3d Cir. 1991). Based on cases like these, plus *Taylor,* which endorsed a categorical approach, counsel here could have argued that simple assault was not a crime of violence under § 2L1.2 because the minimum culpability required for a conviction under the Pennsylvania statute is less than intentional.

The decisions in *Taylor, Parson, Jobson* and *Vargas-Duran* were readily available to counsel. There is no sound

15

strategy in counsel's failure to object to the 16-level enhancement in the PSR. "Where defense counsel fails to object to an improper enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance." *Jansen v. United States*, 369 F.3d at 244. We therefore find counsel's performance deficient.

Of course, *Strickland* requires more than just a showing of substandard performance. Otero's Sixth Amendment claim cannot be sustained if he was not prejudiced by counsel's substandard performance. Prejudice is established when, but for counsel's error, there was a reasonable probability that the outcome of the proceeding would have been different. *See Strickland,* 466 U.S. at 694.

Here, Otero suffered prejudice as a result of counsel's substandard performance. The prejudice prong is satisfied "when a deficiency by counsel resulted in a specific,

16

demonstrable enhancement in sentencing — such as an automatic increase for a 'career' offender or an enhancement for use of a handgun during a felony — which would not have occurred but for counsel's error." *United States v. Franks*, 237 F.3d 811, 815 (5th Cir. 2000) (three extra months equals prejudice) (citing *United States v. Phillips*, 210 F.3d 345, 351 (5th Cir. 2000). Without the 16-level enhancement, Otero's guideline range would have been only 18 to 24 months in prison. The increased sentence constituted prejudice. *See Glover v. United States*, 531 U.S. 198, 202-05 (2001). Accordingly, Otero received ineffective assistance of counsel when counsel failed to object to the 16-level enhancement in the PSR.

## IV.

Otero has made out a cognizable ineffective assistance of counsel claim. We will reverse and remand with instructions

17

directing the District Court to grant the writ of habeas corpus

and to re-sentence Otero in accordance with this opinion.