

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# USA v. Stubler

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5045

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Stubler" (2008). *2008 Decisions.* Paper 1368.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1368

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5045
_____

UNITED STATES OF AMERICA

v.

RICHARD JAMES STUBLER,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 06-cr-00225)
Hon. James F. McClure

Argued January 9, 2008

Before: McKEE, CHAGARES, and HARDIMAN, <u>Circuit Judges</u>.
_____

(Filed: March 28, 2008)
_____

OPINION OF THE COURT
_____

Ronald C. Travis, Esq. (Argued)
Rieders, Travis, Humphrey, Harris, Waters & Waffenschmidt
161 West Third Street
P.O. Box 215
Williamsport, PA 17701-0000

Frederick E. Martin, Esq. (Argued)
Office of United States Attorney
240 West Third Street
Suite 316
Williamsport, PA 17701-0000

McKee, Circuit Judge

Richard J. Stubler appeals his conviction and subsequent sentence under 18 U.S.C. § 115(a)(2). Those charges arose from his driving a kitchen knife into the side of his former probation officer's house. For the reasons that follow, we will affirm.

## I[1].

The prosecution and defense agreed to have Stubler enter a conditional guilty plea and preserve his right to argue that the conduct he would admit to did not amount to a violation of § 115(a)(2). In addition, the government agreed to make a non-binding recommendation that Stubler's sentence not exceed imprisonment for one year and one day. However, the district court refused to accept the sentencing recommendation because the court did not believe it complied with Fed. R. Crim. Pro. 11(a)(2).

Accordingly, Stubler waived his right to a jury trial and went to trial based on stipulations of fact supplemented with limited testimony from an FBI agent and Stubler's former probation officer, Mel Hoover. The district court convicted Stubler. The advisory guideline range for the offense, as calculated by the probation office, was 46-57 months.

---

[1] Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural background except insofar as may be helpful to our brief discussion.

The district court granted a downward departure which reduced that range to 30-37 months imprisonment. After calculating the guideline range, the court sentenced Stubler to 33 months imprisonment over defense counsel's objection. This appeal followed.[2]

## I.

Stubler argues that there is insufficient evidence to support his conviction. Thus, our review is "particularly deferential." *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002). "It is not our role to weigh the evidence or determine the credibility of the witnesses." *Id.* Rather, "[w]e . . . view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could have found the elements of the crime beyond a reasonable doubt." *Id.*

Stubler also challenges the calculation of his sentence. To the extent that we review the district court's legal rulings or interpretation of the sentencing guidelines, our review is plenary. *United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004). However, to the extent that the court's selection of the appropriate offense level under the guidelines is based upon findings of fact, the district court is entitled to deference. *Cothran*, 286 F.3d 177.

## II.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

18 U.S.C. § 115(a)(2), makes it a crime to "threaten[] . . . [a Federal law enforcement officer] . . . with intent to retaliate . . . on account of the performance of official duties . . . ". Stubler argues that the evidence does not support his conviction because he did not intend to retaliate against Hoover or threaten him. Rather, he claims he made a "snap decision" to stab Hoover's house out of frustration. He also argues that his conduct could not have been "on account of performance of official duties" because his term of supervision with Hoover had ended approximately eight years earlier. We can not agree with either contention.

Stubler's supervised release ended in April of 1997, and all agree that Hoover was not involved in any surveillance of Stubler's home, nor was Hoover supervising Stubler. Nevertheless, it is clear that Stubler was angry with "the government" and he considered Hoover to be an agent of the government. Given our limited standard of review, that is sufficient to support a finding beyond a reasonable doubt that Stubler thrust a knife into Hoover's house because Stubler believed he was under government surveillance and either blamed Hoover, or faulted Hoover for not intervening to stop the perceived intrusion. We believe that a reasonable fact finder could conclude that Stubler's conduct was therefore "on account of" Hoover's official duties within the meaning of § 115(a)(2).

Similarly, we must reject Stubler's claim that he acted impulsively on a "spur of the moment" impulse rather than out of a retaliatory motive. We realize that Stubler used a weapon more closely associated with meatloaf than mayhem, but that does not negate

4

the fact he was armed with a knife when he traveled across town to visit Hoover. That

suggests advance planning and intent. Similarly, although we see no reason to doubt

Stubler's statements that he actually liked Hoover and would not have hurt him, Stubler

also stated that he was "angry with" Hoover and "wanted to scare him." That is sufficient

for a reasonable fact finder to infer the required retaliatory intent.

### III.

Stubler also argues that the district court erred in categorizing him as a Career

Offender under the Guidelines. The two prior reckless endangerment convictions the

court relied on appear from the sentencing transcript to be related to Stubler's driving.

The district court concluded those convictions constituted past crimes of violence for

purposes of classifying Stubler a Career Offender. The Sentencing Guidelines define a

"crime of violence" as follows:

> (a) The term "crime of violence" means any offense under
> federal or state law punishable by imprisonment for a term
> exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use
> of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of
> explosives or *otherwise involves conduct that presents a serious
> potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added).

While we are sympathetic to Stubler's argument that reckless endangerment

offenses should not be considered "crimes of violence," Stubler's argument is foreclosed

5

by our decision in *United States v. Parson*, 955 F.2d 858 (3d Cir. 1992).[3] There, we questioned the wisdom of the possibly inadvertent adoption of a definition for "crime of violence" that can include offenses that do not involve the intentional use of force. *Id.* at 860-61, 874-75. However, neither Congress nor the Sentencing Commission has seen fit to revise that definition.

Moreover, *Tran v. Gonzales*, 414 F.3d 464 (3d Cir. 2005) and *Singh v. Gonzales*, 432 F.3d 533 (3d Cir. 2006) do not help Stubler. There, we had to determine what qualified as a "crime of violence" for purposes of convictions for "aggravated" felonies under immigration law. Our analysis was governed by 18 U.S.C. § 16(a). In 1989, the Guidelines were revised and no longer track 18 U.S.C. § 16(a). In fact, the panel in *Tran v. Gonzales* explicitly reconciled its decision with *Parson*, but did not overrule it.[4] 414 F.3d at 470 n.5.

## IV.

Stubler claims the district court should have used U.S.S.G. § 2A2.3 ("Minor Assault") with a base offense level that does not exceed 7 rather than U.S.S.G. § 2A6.1, ("Threatening or Harassing Communications; Hoaxes") with a base offense level of 12.

---

[3] The district court did grant a downward departure because the guideline calculation overstated the seriousness of Stubler's prior record.

[4] *United States v. Otero* is similarly distinguishable because it addressed a different section of the Guidelines that contains its own definition of crime of violence. 502 F.3d 331 (3d Cir. 2007).

Appendix A lists several possible base offense sections which could apply to a violation of § 115 including § 2A6.1. Accordingly, the court did not err in selecting § 2A6.1.

## V.

Stubler next argues that the district court should not have applied a 6-level enhancement to his base offense level pursuant to U.S.S.G. § 3A1.2 based on the victim being a former federal employee, because Hoover's status as a federal employee "is counted once as an essential element of the crime of conviction and counted a second time by application of the enhancement." We have already rejected that argument. *See United States v. Green*, 25 F.3d 206, 210 (3d Cir. 1994).

## CONCLUSION

Accordingly, we conclude that the district court committed no legal error in convicting or sentencing Stubler. Nevertheless, we feel compelled to express our concern about the sentence imposed here. Stubler has a history of paranoid schizophrenia and all concerned agree that he suffers from a very profound mental illness. All concerned also agree that Stubler generally had a good relationship with Hoover, and that Stubler's mental illness rather than malice or a predisposition towards violence led to this transgression.

Neither the government nor the victim wanted Stubler to receive a sentence of more than a year and a day, which would have been tantamount to a "time served" sentence. We assume that all would agree that prison is not the most effective

7

environment for the treatment of mental illness. Accordingly, a shorter sentence could have allowed Stubler to receive the mental health treatment he so desperately needed. It also would have been more consistent with the command of 18 U.S.C. § 3553(a) that courts impose the minimum sentence necessary to comply with the sentencing objectives that must be considered.

The reasonableness of that sentence is not before us. Nevertheless, it is difficult for us not to conclude that the district court could have reasonably exercised its discretion to impose a sentence more consistent with treatment of the mental health aspects of Stubler's behavior rather than imposing the sentence it selected.

Although we are not privy to all of the dynamics and factors that went into this prosecution, it certainly appears that this entire matter could have been handled much more appropriately by the mental health system rather than the criminal justice system. That is, of course, "water under the bridge." Stubler's transgression has now been prosecuted as a criminal matter, a criminal conviction has been obtained, and a sentence imposed. It is indeed regrettable that state and federal authorities could not have cooperated in a manner that would have resolved this regrettable incident in the mental heath system where it belongs.