

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2009

# USA v. Acosta-Brito

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4031

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Acosta-Brito" (2009). *2009 Decisions.* Paper 1845.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1845

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4031
_____

UNITED STATES OF AMERICA,

Appellee,

v.

EDWIN RAMON ACOSTA-BRITO

Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 06-cr-00589
(District Judge: The Honorable Petrese B. Tucker)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009

Before: McKEE, STAPLETON, *Circuit Judges,* and IRENAS,[*] *Senior District Judge*.

(Filed : February 20, 2009 )

_____

[*] Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

OPINION OF THE COURT

McKee, <u>Circuit Judge</u>,

Edwin Ramon Acosta-Brito appeals from the district court's order of judgment and sentence on a one count indictment charging him with being an alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5) and one count of illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b).  For the reasons that follow, we will affirm.

## I.

As we write primarily for the parties who are familiar with this case, we need not discuss the factual or procedural history.

Acosta-Brito argues that the appellate waiver contained in his plea agreement is invalid and that enforcement of it would work a miscarriage of justice.  Our review of the validity and enforceability of appellate waivers is *de novo.  United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

Acosta-Brito argues that the waiver was offered under the mistaken belief that he was exposed to a sentencing enhancement based on his prior conviction for simple assault.  He claims he entered into the waiver fearing that that prior conviction could be considered a "crime of violence" under U.S.S.G § 2L1.2(b)(1)(A), and he pled guilty to avoid that risk and exposure.  After he pled guilty, we decided *United States v. Otero*, 502 F.3d 331 (3d Cir. 2007).  There, we held that simple assault is not a crime of violence.   Thus, he argues, he did not actually understand the law when he entered his plea agreement and it was therefore not knowing and informed.  The argument is meritless.

In *Otero*, we explained that the issue of whether simple assault in Pennsylvania qualifies

as a crime of violence under U.S.S.G. § 2L1.2 had not been addressed.[1] *Id*. at 335. Acosta-Brito

attempts to cite the holding of *Popal v. Gonzales*, 416 F.3d 249 (3d Cir. 2005), as settled law

that he erroneously relied on in deciding to plead guilty. However, we have explained that

"[t]he waiver of an appeal will not be invalidated merely because unanticipated events occur in

the future." *United States v. Lockett*, 406 F.3d 207, 213 (3d Cir. 2005). Similarly, we have held

that a subsequent reduction in the penalty that can be imposed does not invalidate a guilty plea.

Such pleas are valid even if "later pronouncements of the courts . . . hold that the maximum

penalty for the crime in question was less than was reasonably assumed at the time the plea was

entered." *Brady v. United States*, 397 U.S. 742, 757 (1970). *See also, Masciola v. United States*,

469 F.2d 1057, 1059 (3d Cir. 1972) ("An erroneous prediction of a sentence by defendant's

counsel does not render a guilty plea involuntary.").

## II.

Acosta-Brito also argues that the district court erred in relying on a transcript from

Pennsylvania state court to establish that his prior conviction for simple assault constituted a

felony, since the document does not specify whether he pled to simple assault in the second or

third degree.

We exercise plenary review of the district court's interpretation of the Sentencing

Guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (*en banc*). The Guidelines

allow for a sentencing enhancement if there has been a prior conviction for a federal or state

---

[1]In fact, in *Otero* the court held that the appellant had received ineffective assistance of counsel because his attorney had failed to cite precedent from *other* circuits to argue that simple assault should not be considered a crime of violence under § 2L1.2. 502 F.3d at 336.

crime punishable by imprisonment "for a term exceeding one year." U.S.S.G. § 2K2.1 cmt. N.1.

In determining the nature of a prior convictions for purposes of a sentencing enhancement, courts are "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). Acosta-Brito argues that although he was charged with simple assault as a second degree misdemeanor (which would constitute a "felony" under the Guidelines), the transcript establishes a guilty plea to "simple assault only." He contends that could have been a plea to the lesser included offense of simple assault in the third degree, which would not be a felony under § 2K2.1. (Appellant's Br. 25). However, there is simply no evidence to suggest that Acosta-Brito plead guilty to any offense other than the crime he was charged with, and he does not deny that the crime he was charged with would constitute a felony for purposes of the Guidelines.

In addition, when questioned about his criminal record during the plea colloquy in the present case, Acosta-Brito conceded that his prior conviction was a felony. (Appellant's App. 38, 46-7). Nevertheless, Acosta-Brito attempts to cite *United States v. Hernandez* for the proposition that a charging document does not necessarily establish the charge to which a defendant ultimately pleaded guilty. 218 F.3d 272, 278 (3d Cir. 2000). However, the issue there was the accuracy of a document used in a sentencing which was nine years old and which originated not from the court but the county clerk's office. *Id*. Unlike that case, there is no reason to question the accuracy of the document the district court relied on here. Therefore it was proper for the sentencing judge to rely on the transcript in determining that the prior

4

conviction constituted a felony under § 2K2.1.  Accordingly, there is no miscarriage of justice and the appellate waiver will be enforced.

## III.

For all of the above reasons, we will affirm the order of the district court.