**UNITED STATES of America**

v.

**Troy M. SHATZER, Appellant.**

**No. 09–2228.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 25, 2010.

Filed March 12, 2010.

---

James T. Clancy, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

John A. Abom, Esq., Abom & Kutulakis, Carlisle, PA, for Appellant.

Before: RENDELL and JORDAN, Circuit Judges, and PADOVA, District Judge *.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant Troy M. Shatzer appeals from the District Court's sentence for possession of a firearm by a previously convicted felon on the grounds that the District Court erred in classifying his prior felony as a crime of violence. Because we agree with Shatzer, we will vacate his judgment of sentence and remand the case to the District Court for re-sentencing.

### I.

On July 23, 2008, Shatzer was indicted for violating 18 U.S.C. § 922(g) for being a previously convicted felon in possession of an illegal firearm. Shatzer agreed to plead guilty, and the District Court convicted him of the charge. Previously, Shatzer was convicted of Recklessly Endangering Another Person (REAP) under 18 Pa.C.S.A. § 2705 when he fled from police while driving on the opposite side of traffic and nearly hit a six-year-old boy.

In the Presentence Report for the firearm possession offense, the Probation Officer classified Shatzer's REAP offense as a "crime of violence." Presentence Report (PSR) ¶¶ 10, 25. The effect of the classification was to increase Shatzer's Base Offense Level under U.S.S.G. § 2K2.1(a) from 14 to 20. Subsequently, Shatzer received a 77 month sentence.

Shatzer objected to the classification of the REAP offense as a crime of violence. The District Court determined that Shatzer's previous offense constituted a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A), and overruled the objection.[1]

### II.

Under U.S.S.G. § 4B1.2(a), a crime of violence is defined as an offense punishable by imprisonment exceeding one year that:

(1) has an element of the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The particular offense is defined as "recklessly engag[ing] in conduct which places or may place an-

---

* Honorable John R. Padova, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

other person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

To decide whether any particular offense constitutes a violent crime, courts use "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Although, we have recently stated that the court may look beyond the statute if the statute criminalizes behavior with varying levels of *mens rea*, such as intentional and reckless behavior, *United States v. Johnson*, 587 F.3d 203, 208 (3d Cir.2009) here, REAP only penalizes reckless behavior. Thus, the court must limit its analysis to the statute.

According to the categorical approach, REAP is not a crime of violence under § (a)(1) because it lacks the element of the use, attempted use, or threatened use of physical force against the person of another. *United States v. Otero*, 502 F.3d 331, 335 (3d Cir.2007) ("[A]n offender has committed a 'crime of violence' only if he acted with an intent to use force ... rather than reckless[ly] ....") (citing *Popal v. Gonzales*, 416 F.3d 249, 254 (3d Cir.2005)).

REAP is also not a crime of violence pursuant to § (a)(2) because it is neither one of the enumerated crimes, nor does it fit under the residual provision. Pursuant to *Begay v. United States*,[2] for an offense to be considered categorically violent under the residual provision it " 'must (1) present a serious potential risk of physical injury' and (2) 'be roughly similar, in kind as well as degree of risk posed, to the examples [burglary, arson, extortion, or use of explosives] themselves.'" *Johnson*, 587 F.3d at 208 (alteration in original) (quoting *Begay*, 128 S.Ct. at 1585–86). We need not address the first prong of this test here because REAP clearly fails the second requirement of the *Begay* test.

The second requirement for an offense to constitute a violent crime is that the offense must be one that typically involves purposeful, violent and aggressive conduct that is "roughly similar" in kind and in degree of risk to crimes such as burglary, arson, extortion, or crimes involving use of explosives. *Begay*, 128 S.Ct. at 1585.

In a letter submitted under Federal Rule of Appellate Procedure Rule 28(j) in connection with *Johnson*, the government changed its position concerning the *mens rea* required for a crime of violence:

> [S]ince the filing of the government's brief, the Department of Justice has clarified its position that reckless conduct, standing alone, is not the type of purposeful conduct that can constitute a crime of violence under § 4B1.2(a)(2)'s residual clause. Thus, to the extent that the government has argued that reckless conduct is sufficient to satisfy this standard, the government no longer rests on this position.

*Johnson*, 587 F.3d at 210 (citing Appellee's Rule 28(j) letter, Sept. 16, 2009). Similarly, in this case, the government now concedes that reckless conduct, standing alone, is not the type of purposeful conduct that can constitute a crime of violence under § 4B1.2(a)(2)'s residual clause. (Appellee's Supp. Br. at 2). We agree.

### III. Conclusion

Accordingly, Shatzer's prior conviction for REAP does not count as a crime of violence, and we will vacate the District Court's sentencing order and remand to the District Court for re-sentencing.

---

2. 553 U.S. 137, 128 S.Ct. 1581, 1585–86, 170 L.Ed.2d 490 (2008).