**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-4214

_____

UNITED STATES OF AMERICA

v.

BYRON RECINOS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-09-cr-00885-001
District Judge: The Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 28, 2011

Before: McKEE, *Chief Judge*, and SMITH, *Circuit Judge*,
and STEARNS, *District Judge*[*]

(Filed: February 1, 2011)

_____

OPINION

_____

STEARNS, *District Judge.*

Byron Recinos is a twenty-two year old migrant farm worker from Huehuetenango,

_____

[*]The Honorable Richard G. Stearns, United States District Judge for the United States
District Court of Massachusetts, sitting by designation.

Guatemala, who is residing illegally in the United States. On October 1, 2006, after drinking beer with some friends at a bar, Recinos drove his car off the road into a tree.[1] The Swedesboro, New Jersey police officers who responded to the accident determined that Recinos had been driving while intoxicated and took him into custody. At the police station, Recinos began arguing with the officers after being cited for drunk driving and unlicensed operation. A scuffle ensued with "some pushing and shoving between [Recinos] and the police," after which "one of the police officers alleged that his arm [had been] scratched by [Recinos's] hand." App. at 16 (May 2, 2007 Plea Hr'g Tr.). In addition to the traffic offenses, Recinos was charged with third-degree "Aggravated Assault - Law Enforcement Officer." He pled guilty on May 2, 2007, and was sentenced to a two-year term of probation.

On August 19, 2007, Recinos was again arrested and charged with robbery, theft, simple assault, and disorderly conduct. While in custody, Recinos was interviewed by agents of Immigration and Customs Enforcement (ICE). He admitted to ICE that he had entered the country illegally in 2004.[2] ICE lodged a detainer on September 6, 2007. Recinos was deported from the United States to Guatemala on January 4, 2008, after the state charges

---

[1] Recinos believes that someone had put something in his beer that affected his memory. He purports to have no present recollection of the events leading up to the accident.

[2] Section 2L1.2(b)(1)(A) of the United States Sentencing Guidelines (U.S.S.G.) provides for a 16-level increase for a defendant who was "previously deported . . . after a conviction for a felony that is a crime of violence." Aggravated assault is specifically designated a "crime of violence" by U.S.S.G. § 2L1.2(b)(1)(A)(ii).

were dismissed.[3]

Recinos illegally re-entered the United States again in April of 2009. He was arrested on August 16, 2009, in Pennsgrove, New Jersey, on a probation violation warrant. On December 2, 2009, a federal grand jury in the District of New Jersey returned a one-count indictment charging Recinos with illegal re-entry after a prior conviction of an aggravated felony in violation of 18 U.S.C. §§ 1326(a) and (b)(2). On March 9, 2010, Recinos pled guilty before Judge Kugler in the United States District Court for the District of New Jersey. At the hearing, Recinos (through counsel) reserved the right to challenge at sentencing the aggravated felony allegation of the indictment.

A Pre-Sentence Report prepared by the United States Probation Office (USPO) recommended a total offense level of 21, consisting of a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a); a 16-level enhancement based on Recinos's unlawful entry after conviction of a crime of violence – U.S.S.G. § 2L1.2(b)(1)(A)(ii); and a 3-level reduction for acceptance of responsibility – U.S.S.G. § 3E1.1(a) and (b). Because his Criminal History Category was III, Recinos's advisory sentencing guidelines range was 46 to 57 months.

In a letter to Judge Kugler dated August 2, 2010, Recinos argued that his conviction for third-degree "Aggravated Assault – Law Enforcement – Officer" did not fit the definition of a "crime of violence" because the government could not prove that he had committed the crime "purposefully." Consequently, Recinos argued for the 4-level enhancement that applies to a "conviction for any other [nonenumerated] felony." *See* U.S.S.G. §

---

[3] The charges were dismissed on November 26, 2007.

2L1.2(b)(1)(D). By Recinos's reckoning, he merited a total offense level of only 10, with an advisory Guidelines sentencing range of 10 to 16 months. The government objected, urging the District Court to adopt the recommendations of the USPO.

At a sentencing hearing on September 23, 2010, Judge Kugler focused on the transcript of Recinos's state court guilty plea hearing.[4] Noting his admission that he had been involved in a "pushing and shoving" match with the officers and that one of the officers had

---

[4] In the state court plea hearing, Recinos testified as follows.

| | |
|---|---|
| Defense counsel: | [O]n October 1, were you in the Borough of Swedesboro and had you been driving a car? |
| Recinos: | Yes. |
| Counsel: | Okay. And at some point in time did the police from Swedesboro come up to you when your car was disabled on the side of the road? |
| Recinos: | Yes. |
| Counsel: | All right. And then the police officer wrote you some tickets, is that correct? |
| Recinos: | Correct. |
| Counsel: | And an argument ensued between you and the police, is that correct? |
| Recinos: | Yes. |
| Counsel: | All right. And then there was some pushing and shoving between you and the police, is that correct? |
| Recinos: | Yes. |
| Counsel: | And one of the police officers alleged that his arm was scratched by your hand, is that correct? |
| Recinos: | Yes. |
| Counsel: | And the police officers were wearing uniforms at the time? |
| Recinos: | Yes. |

App. at 22-23; 96-97. At the conclusion of the colloquy, the state court accepted Recinos's plea of guilty.

suffered a scratch to his arm, Judge Kugler found that the assault was purposeful, and not reckless as Recinos claimed. Judge Kugler adopted the 16-level enhancement and adjourned the hearing to allow the parties to brief the issue of whether a downward departure was warranted pursuant to Application Note 7 of U.S.S.G. § 2L1.2.[5]

On October 6, 2010, Recinos moved for reconsideration of the District Court's finding and for a downward departure pursuant to Application Note 7. In his brief, Recinos argued that "a conviction under a state statute that can be satisfied by mere recklessness, will not support the 16-level enhancement for a crime of violence under Guideline Section 2L1.2(b)(l)(A)." App. at 127. Recinos further argued that, contrary to the District Court's determination, "the transcript does NOT prove the defendant's mental state at the time, nor does any other appropriate document . . . prove or allege a 'more than reckless' mental state." *Id*. at l32-133 (emphasis in original). The government opposed both the motion for reconsideration and the request for a downward departure.

On October 27, 2010, the District Court reconvened the sentencing hearing. Judge Kugler denied Recinos's motion for reconsideration, stating that he was "still firmly of the opinion that this qualifies as an intentional purposeful assault." *Id*. at 153. He further explained that, "[h]ere there was an argument resulting in pushing and shoving. Resulted in the allegation by the police officer in the police station that there was a scratch on his hand [sic]. There's no question in my mind that's purposeful conduct." *Id*. Judge Kugler then

---

[5] Application Note 7 observes that "[t]here may be cases in which the applicable offense level substantially overstates or understates the seriousness of a prior conviction. In such a case, a departure may be warranted."

granted Recinos a two-level downward departure because of his intoxication at the time of the offense. With a total offense level of 19 and a Criminal History Category of III, Recinos's advisory Guidelines sentencing range was 37 to 46 months. After considering the § 3553(a) sentencing factors, Judge Kugler sentenced Recinos to 40-months imprisonment. On October 28, 2010, Recinos filed a timely notice of appeal.

Recinos's sole issue on appeal is whether his conviction for "Aggravated Assault – Law Enforcement Officer" constitutes a crime of violence for purposes of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).[6] This is a question of law over which we exercise plenary review. *United States v. Stinson*, 592 F.3d 460, 462 n.1 (3d Cir. 2010).

The New Jersey statute to which Recinos pled guilty, N.J. Stat. Ann. § 2C:12-1, provides:

a. Simple assault. A person is guilty of assault if he:

(1) Attempts to cause or purposely, knowingly or recklessly causes bodily injury to another[.] . . .
. . .
b. Aggravated assault. A person is guilty of aggravated assault if he:
. . .
(5) Commits a simple assault as defined in subsection a. (1) . . . of this section upon:
(A) any law enforcement officer acting in the performance of his duties while in uniform or exhibiting evidence of his authority or because of his status as

---

[6] Recinos argued at the sentencing hearing that under *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13, 26 (2005), the District Court may look only to the charging document, plea agreement, and plea colloquy to determine whether an assault conviction constitutes a "crime of violence" under U.S.S.G. § 2L1.2. Judge Kugler agreed. App. at 107 (Sept. 23, 2010 Mot. Hr'g Tr. at 18). "Therefore Recinos contends that while the District Court applied the appropriate analysis in this case, its ultimate conclusion was erroneous." Appellant Br. at 18.

6

a law enforcement officer[.] . . .

Recinos argues that the government failed to establish that he had committed the offense with the requisite *mens rea*.[7]

> Because the statute was charged in the disjunctive, an intent issue is raised. In order to "qualify as a crime of violence, the crime at issue must present 'a serious potential risk of physical injury' and be one that 'typically involves purposeful, violent and aggressive conduct.'" *United States v. Lee*, 612 F.3d 170, 196 (3d Cir. 2010), quoting *Begay v. United States*, 553 U.S. 137-144-145 (2008). *Begay* "expressly distinguished crimes involving negligence or recklessness from those involving violence or aggression. Thus, following *Begay*, a conviction for mere recklessness cannot constitute a crime of violence." *Id*.

Appellant Br. at 15.

A "crime of violence" as defined in the Application Notes to U.S.S.G. § 2L1.2 includes aggravated assault "or any offense under federal state, or local law that has an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. N.1(B)(iii). As the judgment in Recinos's state court conviction did not specify whether the court had found Recinos guilty of purposeful or reckless conduct, the conviction is not categorically a crime of violence. Given the ambiguity, Judge Kugler applied the modified categorical approach endorsed by *Taylor* and

---

[7] Recinos contends that, because the Alcotest administered at the police station showed his blood alcohol level to be .23 percent, "it is impossible to conclude with any certainty, and clearly not by a preponderance of the evidence, that [he] acted purposely or knowingly, rather than accidentally or recklessly, when he committed the assault." Appellant Br. at 19. As the blood alcohol test results appear only in the police reports, we do not consider them, *see Shepard*, 544 U.S. at 22-23, although we note that voluntary intoxication is not ordinarily a defense to a crime of general intent. *See, e.g., People v. Boyer*, 38 Cal. 4th 412, 469, 133 P.3d 581, 622 (2006).

*Shepard* (appropriately, as Recinos concedes) , and looked to the guilty plea transcript.

The touchstone of a "crime of violence" is the intent to use force. *United States v. Otero*, 502 F.3d 331, 355 (3d Cir. 2007) (distinguishing intentional from reckless or grossly negligent conduct). An assault and battery requires a general intent to do the act causing injury. Although the New Jersey statute is captioned "Assault," the offense described clearly encompasses common-law assault and battery as it incorporates the element of a touching causing bodily injury. There is no requirement under the common law that the actor have a specific intent to violate the law or to cause any particular type of harm. He need only intend to commit the act that results in the unconsented and harmful touching of another.[8] The

---

[8] The following exchange between Recinos's counsel and the Court is telling.

| | |
|---|---|
| Defense counsel: | So, let me say, I think that this case is sufficiently unusual, that the facts take it outside the realm that this isn't even a typical case where a defendant has agreed to having assaulted the officer. Yes, he touched him and a scratch resulted but in this particular – |
| Court: | How is that not assault by touching him? |
| Counsel: | It's a simple assault, unintentional or reckless conduct. It happened as part of a pushing and shoving match between the officer and the defendant. |
| Court: | But in order for the defendant to have shoved a police officer, he must have intended to shove the police officer. How does one shove a police officer negligently or recklessly? |
| Counsel: | And I think the pushing occurred intentionally, but perhaps in response to the officer's pushing of the defendant. |
| Court: | That still doesn't make it unintentional. The fact that someone may have pushed him first, when he goes to push the officer back, that's not unintentional. |

App. at 98.

8

touching need not be inherently violent to constitute a battery. The slightest use of force against another's person, if offered without justification or excuse, constitutes an intentional battery.[9]

The District Court correctly found that Recinos intentionally engaged in the use of force (pushing and shoving) against a person or persons who he knew to be uniformed officers and that bodily injury resulted. These findings satisfied both the purposeful element of the New Jersey statute and the requirements of U.S.S.G. § 2L1.2.[10]

Accordingly, we will affirm the judgment of the District Court.

---

[9] Blackstone's treatise defines the common-law crime (or tort) of battery as follows. "Battery: which is the unlawful beating of another. The least touching of another's person wilfully, or in anger, is a battery; for the law cannot draw the line between different degrees of violence, and therefore totally prohibits the first and lowest stage of it; every man's person being sacred, and no other having a right to meddle with it in even the slightest manner." 3 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND *120.

[10] We can discern no difference between the term "purposely," as it is used in the New Jersey statute to describe the required state of mind, and the more usual term "intentional." Under New Jersey law, "purposely" is defined as follows.

> A person acts purposely with respect to the nature of his conduct or a result thereof if it is his conscious object to engage in conduct of that nature or to cause such a result. A person acts purposely with respect to attendant circumstances if he is aware of the existence of such circumstances or he believes or hopes that they exist.

N.J. Stat. Ann. § 2C:2-2b(1).