**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2211
_____

UNITED STATES OF AMERICA

v.

FELIX DOMINGUEZ-RIVERA,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-14-cr-00088-001)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
April 3, 2020

Before: GREENAWAY, JR., PORTER, MATEY, *Circuit Judges.*

(Filed: April 22, 2020 )
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Felix Dominguez-Rivera says his attorney provided ineffective assistance, failing to argue against a career-offender enhancement. The Government agrees that the career-offender enhancement should not have been applied to Dominguez-Rivera but does not believe that error affected Dominguez-Rivera's sentence. We conclude that the record shows prejudicial ineffective assistance and agree with Dominguez-Rivera that resentencing is necessary. So we will vacate and remand.

## I. BACKGROUND

No facts are in dispute. Felix Dominguez-Rivera pleaded guilty to distribution and possession with intent to distribute 100 grams or more of heroin and 28 grams or more of cocaine, and possession of a firearm as a felon. The Presentence Investigation Report ("PSR") calculated a total offense level of 31 and a criminal history category VI, leading to an advisory Guidelines range of 188–235 months' imprisonment. As part of that computation, the PSR treated Dominguez-Rivera as a career offender based on, among other things, a prior Connecticut drug conviction. Although Dominguez-Rivera's counsel raised several objections at sentencing, he did not challenge whether the Connecticut drug conviction constitutes a predicate offense for a career-offender enhancement. Instead, he argued that there were no "judicially noticeable documents that would show that Mr. Dominguez Rivera[] was convicted under a qualifying statute," (App. at 41–42), which was strange given the documentation provided by the Government. And while the District Court accepted some of counsel's arguments, the Court did not disturb the career-offender

enhancement, finding Dominguez-Rivera had two qualifying predicates, including his Connecticut drug conviction.

The career-offender enhancement automatically raised Dominguez-Rivera's criminal history to category VI. U.S.S.G. § 4B.1(b). At sentencing, the District Court departed downward to a criminal history category V.[1] That produced an advisory Guidelines range of 168–210 months' incarceration. The District Court then sentenced Dominguez-Rivera to 168 months' confinement, stating, "I think a sentence within the guidelines is warranted and I'm going to sentence you at the bottom of the guidelines, the advisory guidelines that you find yourself in[,]" and that that anything more would be "unfair and gratuitous," anything less "would depreciate the seriousness of the crime." (D.C. Dkt. No. 113 at 26–27.)[2]

Dominguez-Rivera appealed his conviction and sentence, but this Court dismissed the appeal, citing the appellate waiver in his plea agreement. He then filed a pro se motion to vacate his sentence, challenging the career-offender enhancement. The District Court denied the motion. We granted a certificate of appealability on two issues: 1) "his claim that sentencing counsel failed to argue that appellant's 1996 conviction under Conn. Gen.

---

[1] A career-offender enhancement permits only a one-level downward departure. U.S.S.G. § 4A1.3(b)(3)(A).

[2] We note that the Government quoted from parts of the sentencing transcript that were not included in the appendix. While the transcript is obviously part of the record on appeal, we remind the Government of its obligation under Fed. R. App. P. 30(b) to designate those "parts [of the record] to which it wishes to direct the court's attention." We also remind Appellant of his obligation under that same rule to "include the designated parts in the appendix."

Stat. § 21a-277(a) does not constitute a 'controlled substance offense' as defined in U.S.S.G. § 4B1.2(b) for purposes of the career-offender Sentencing Guideline, U.S.S.G. § 4B1.1" and 2) "on his alternative claim that, if *Mathis* permits application of the modified categorical approach to Conn. Gen. Stat. § 21a-277(a), *cf. United States v. Hinkle*, 832 F.3d 569, 574–76 (5th Cir. 2016), then counsel failed to effectively argue that the conviction documents of record did not permit application of the modified categorical approach in this case."[3] (App. at 22.)

## II. COUNSEL'S INEFFECTIVE ASSISTANCE DURING SENTENCING

Ineffective assistance of counsel requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). That demands a showing that counsel's conduct was unreasonable, resulting in prejudice. *Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

## A. Sentencing Counsel's Failure to Cite Relevant Law Was Deficient

Conduct is deficient where the errors are "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. For example, where an attorney "fails to object to an improper enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance." *Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2004). That imposes a

---

[3] The District Court had subject matter jurisdiction under 28 U.S.C. § 2255 and we have jurisdiction under 28 U.S.C. § 2253(a) and 28 U.S.C. § 1291. We exercise plenary review over legal issues and review factual findings for clear error. *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014).

"duty to make reasonable investigations of the law" and "cite favorable decisions." *United States v. Otero*, 502 F.3d 331, 336 (3d Cir. 2007). So failing to raise "readily available" authorities may be deficient. *Id.*

Here, counsel should have raised relevant case law to challenge the career-offender sentencing enhancement. For the enhancement to apply, there must be two qualifying predicate offenses. U.S.S.G. § 4B1.1(a). At issue is whether Dominguez-Rivera's Connecticut drug conviction under Conn. Gen. Stat. § 21a-277(a) qualifies under U.S.S.G. § 4B1.2(b) as a predicate offense. That determination turns on a "categorical approach" that examines whether the state statute's "*elements* are the same as, or narrower than, those of the generic offense." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). At least one court has explained that Conn. Gen. Stat. § 21a-277(b)[4] is broader than the Guidelines definition of a controlled substance offense under U.S.S.G. § 4B1.2(b), because a "sale" of drugs under Connecticut law includes mere offers to sell, unlike the Guidelines. *United States v. Savage*, 542 F.3d 959, 964–66 (2d Cir. 2008). Arguably, this authority suggests that Dominguez-Rivera's Connecticut conviction is not a predicate offense.

The "modified categorical approach" casts similar doubt. Under that test, where a statute is "divisible," containing "alternative elements," but not when it only outlines "alternative means," *Mathis*, 136 S. Ct. at 2249; *see also United States v. Williams*, 898 F.3d 323, 333 (3d Cir. 2018), a sentencing court may consider the charging documents and similar materials to decide whether they clarify the elements of the conviction. *Shepard v.*

---

[4] The relevant language in Conn. Gen. Stat. § 21a-277(b) is identical to the language in Conn. Gen. Stat. § 21a-277(a), which is the statute at issue in this case.

5

*United States*, 544 U.S. 13, 16 (2005). And if those elements match the Guidelines definition of a predicate offense, then the state conviction qualifies as a predicate offense too.

Here, the only relevant charging documents are the indictment for "Possession of Heroin with Intent to Sell" (App. at 46), an arrest warrant (App. at 45), and a judgment of conviction for "Sale of Hallucinogen/Narcotic" (App. at 44). *Savage* is again instructive on how we should read "sell" in a Connecticut law. 542 F.3d at 964–66. That is, a sale is to be read broadly to include mere offers to sell. *Id.* at 965. So Dominguez-Rivera's conviction could involve only an offer to sell heroin or possession with intent to offer heroin, each of which falls outside the Guidelines. *See* U.S.S.G. § 4B1.2(b); 21 U.S.C. § 802(11) (defining "distribute" to mean "to deliver . . . a controlled substance" and "dispense" to mean "to deliver a controlled substance to an ultimate user"). As the charging documents do not make clear what Dominguez-Rivera pleaded guilty to, his conviction is not a qualifying predicate offense under the modified categorical approach either. *United States v. Johnson*, 587 F.3d 203, 209 (3d Cir. 2009) (when reviewing *Shepard* charging documents, we are looking to determine "the specific part of [the statute] to which [the defendant] in fact pled guilty").

And counsel should have raised at least one of these arguments before the sentencing court. *Savage* and *Mathis* both predate Dominguez-Rivera's sentencing. There is no legitimate strategic purpose in declining to cite both of these cases, particularly since counsel *did* challenge the career-offender designation on other grounds. *See Strickland*, 466 U.S. at 689. All the more so, given the appellate waiver included in the plea agreement.

Taken together, we conclude counsel's failure to raise an argument against the applicability of a career-offender designation was deficient performance.

**B. Sentencing Counsel's Deficient Conduct Likely Prejudiced Dominguez-Rivera**

Dominguez-Rivera must also show that, if counsel had raised a challenge under *Savage* and *Mathis* to his career-offender designation, there is a reasonable probability that the "result of the proceeding would have been different." *Id.* at 694. An error in calculating a Guidelines range "can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907 (2018) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016)). Here, counsel's error materially disadvantaged Dominguez-Rivera in several ways.

First, without the career-offender designation, the criminal history level would be IV instead of V, producing an advisory Guidelines range of 155–188 months' imprisonment instead of 168–210 months. Second, without the enhancement, the District Court has an option to depart downward again. Finally, though the District Court explained its reasoning for a 168-month sentence, we have noted that "an erroneous calculation of the defendant's base offense level or criminal history will not be harmless, particularly when the sentence imposed suggests that the district court chose to adhere to the advisory Guidelines range." *United States v. Zabielski*, 711 F.3d 381, 387 (3d Cir. 2013). Here, the District Judge did just that when he stated "I think a sentence within the guidelines is warranted . . . ." (D.C. Dkt. No. 113 at 26–27.) In all, there is a sufficient likelihood that the error impacted the outcome thereby prejudicing Dominguez-Rivera.

7

### III. CONCLUSION

As Dominguez-Rivera meets both prongs under *Strickland* for ineffective assistance of counsel, we will vacate and remand for resentencing.