NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1184
_____

UNITED STATES OF AMERICA

v.

YERRIS MARTINEZ-NUNEZ,
a/k/a Yerris Ramirez-Nunez,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00509-1)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2010

Before:  AMBRO, FISHER and GARTH, *Circuit Judges*.

(Filed:  November 22, 2010)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Yerris Martinez-Nunez pled guilty to one count of reentry after deportation in

violation of 8 U.S.C. §§ 1326(a) and (b)(2), and the District Court sentenced him to

1

forty-one months in prison. On appeal, Martinez-Nunez challenges the District Court's consideration of his prior conviction for attempted robbery at sentencing and its refusal to grant a downward departure or variance based on the alleged over-representation of his criminal record. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts necessary to our analysis.

Martinez-Nunez is a citizen of the Dominican Republic. On November 10, 1998, he was arrested for attempted robbery in New York. According to the arrest report, Martinez-Nunez and a co-defendant entered an apartment and attempted to rob a victim at gunpoint. Accordingly, on June 26, 2000, Martinez-Nunez pled guilty to attempted robbery in the second degree in the Supreme Court of Queens County, New York. He was sentenced to a two-year term of imprisonment. After serving his sentence, Martinez-Nunez was deported to the Dominican Republic on November 19, 2002.

At some point thereafter, Martinez-Nunez illegally returned to the United States, and on June 4, 2009, he was arrested by agents of the United States Bureau of Immigration and Customs Enforcement inside an apartment in New York City. On July 28, 2009, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging Martinez-Nunez with one count of reentry after deportation in

violation of 8 U.S.C. §§ 1326(a) and (b)(2). He pled guilty to the indictment without a plea agreement on September 8, 2009.

The Presentence Investigation Report ("PSR") calculated Martinez-Nunez's offense level at twenty-four, consisting of a base offense level of eight and a sixteen-level enhancement based on his prior conviction for attempted robbery. U.S.S.G. § 2L1.2(b)(1)(A)(ii). He was placed in a criminal history category of II as a result of the prior conviction for attempted robbery. He received a three-level reduction for timely acceptance of responsibility, and thus the recommended guideline range at offense level twenty-one and criminal history category II yielded forty-one to fifty-one months. Martinez-Nunez objected to application of the sixteen-level enhancement and argued that it substantially over-represented the seriousness of his criminal history and the likelihood that he would commit other crimes. Notwithstanding Martinez-Nunez's objections, the District Court adopted the PSR's guideline calculation and sentenced him to forty-one months in prison, followed by three years of supervised release. The District Court also issued a $500 fine and a $100 special assessment. Martinez-Nunez timely appealed.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We have plenary review over a District Court's decision to apply a strict categorical approach when classifying a prior conviction as a violent crime. *See United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004). We apply an abuse-of-discretion standard and review a sentence for

3

reasonableness, which requires that the sentence be both procedurally sound and substantively reasonable. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

III.

Martinez-Nunez raises two issues on appeal. First, he contends that the District Court erred in applying a sixteen-level enhancement based on his prior conviction for attempted robbery. Second, he alleges that the sentence is both procedurally and substantively unreasonable. We will address each contention in turn.

A.

On appeal, Martinez-Nunez argues that the District Court erred in classifying his prior conviction for attempted robbery as a crime of violence, thereby sustaining the basis for a sixteen-level enhancement. Specifically, Martinez-Nunez argues that the District Court should have deviated from the categorical approach generally endorsed by this Court and considered: (1) the statutory definition of the offense; (2) the original charging document; and (3) the transcript of the plea colloquy. This argument is contrary to settled law.

Martinez-Nunez was sentenced under § 2L1.2 of the Sentencing Guidelines for unlawfully entering or remaining in the United States. Section 2L1.2(b)(1)(A) of the Sentencing Guidelines provides for a sixteen-level enhancement for a defendant who was previously deported after "a conviction for a felony that is . . . a crime of violence." A "crime of violence" is defined as an "offense under federal, state, or local law that has as

4

an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

A sentencing court is required to take a categorical approach when deciding whether a conviction is for a crime of violence. *Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Stinson*, 592 F.3d 460, 462 (3d Cir. 2010). In other words, a sentencing court "must look to the statute that [the appellant] was convicted of violating, to see whether the crimes therein described qualify as crimes of violence. If so, the enhancement is proper." *United States v. Otero*, 502 F.3d 331, 335 (3d Cir. 2007).

Here, Martinez-Nunez was convicted under New York law of attempted robbery in the second degree in violation of §§ 110.00 and 160.10. Section 160.10 provides, in relevant part:

> "A person is guilty of robbery in the second degree when he forcibly steals property and when:
>
> 1.     He is aided by another person actually present; or
>
> 2.     In the course of the commission or the crime or of immediate flight therefrom, he or another participant in the crime:
>
> > (a)     Causes physical injury to any person who is not a participant in the crime; or
> >
> > (b)     Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."

N.Y. Penal § 160.10. The District Court properly concluded that attempted armed robbery in the second degree constituted a crime of violence under the categorical

5

approach because each violation of the statute requires proof that a defendant "forcibly [stole] property." *Id.*

We apply the categorical approach "unless (1) the language of the particular state statute at issue invite[s] inquiry into the underlying facts of the case, or (2) the disjunctive phrasing of the statute similarly invites inquiry into the specifics of the conviction." *United States v. Siegel*, 477 F.3d 87, 90-91 (3d Cir. 2007) (citations omitted). Martinez-Nunez argues that these facts fall within the "narrow range of cases" where the sentencing court should look to information beyond the statutory definition of the offense. *See Taylor*, 495 U.S. at 602. This argument lacks merit. The District Court properly classified attempted robbery as a crime of violence and was not required to look beyond the elements of the crime. Thus, we reject Martinez-Nunez's first contention.

B.

Martinez-Nunez next argues that the District Court acted unreasonably in imposing a sentence of forty-one months. Specifically, Martinez-Nunez argues that the District Court should have found that his criminal history category over-represented his criminal record and warranted a downward departure or variance pursuant to U.S.S.G. § 4A1.3(b)(1).

First, Martinez-Nunez challenges the denial of a downward departure. "We do not have jurisdiction to review discretionary decisions by district courts to not depart downward . . . [unless] the district court's refusal to depart downward is based on the mistaken belief that it lacks discretion to do otherwise." *United States v. Jones*, 566 F.3d

353, 366 (3d Cir. 2009) (quoting *United States v. Vargas*, 477 F.3d 94, 103 (3d Cir. 2007)). The transcript from Martinez-Nunez's sentencing hearing demonstrates that the District Court considered his objection and was well aware of its authority to grant the downward departure. Accordingly, we defer to the District Court's judgment.

Second, Martinez-Nunez alleges that his sentence is procedurally and substantively unreasonable. Specifically, he argues that the District Court failed to adequately consider and apply the sentencing factors in § 3553(a), and failed to credit mitigating factors such as the length of time that passed between Martinez-Nunez's conviction for attempted armed robbery and illegal reentry. Procedurally, a "sentencing court is required to give 'rational and meaningful consideration' to the relevant § 3553(a) factors." *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). The record here is clear that the District Court gave "meaningful consideration" to the relevant sentencing factors and weighed those factors against any allegedly mitigating considerations. *Id*. The sentence is therefore procedurally reasonable.

Substantively, the "final sentence, wherever it may lie within the permissible statutory range, [must be] premised upon appropriate and judicious consideration of the relevant factors." *Doe*, 617 F.3d at 770 (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). A sentence is not rendered unreasonable simply because the District Court "fail[ed] to give mitigating factors the weight a defendant contends they deserve." *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). The District Court

7

addressed Martinez-Nunez's age and family status, his criminal history, his presentation of a false driver's license when he was arrested, and the facts and circumstances underlying his conviction.  (App. 41-44.)  The District Court then imposed the minimum sentence recommended by the Guidelines – forty-one months – which we may afford a "presumption of reasonableness."  *See Rita v. United States*, 551 U.S. 338, 347 (2007).

Because Martinez-Nunez's sentence is both procedurally and substantively reasonable, we will affirm the District Court.

IV.

For the foregoing reasons, we will affirm the sentence of the District Court.