**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4759
_____

WILLIAM POKU,
                                        Appellant

v.

WILLIAM HIMELMAN, Honorable, in his professional and individual capacities;
CENTRAL JERSEY TOWING; MILKO, Officer, in his official and individual
capacities; IRA KREIZMAN, Honorable, in his official and individual capacities;
BOROUGH OF RED BANK; MARK FITZGERALD, Chief Police,
in his official and individual capacities; JOHN DOE; JANE DOES

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-0209)
District Judge:  Honorable Joel A. Pisano

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 6, 2011

Before:  RENDELL, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 7, 2011 )
_____

OPINION
_____

PER CURIAM

        Pro se appellant William Poku appeals the District Court's orders granting two

defendants' motions to dismiss and the remaining defendants' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). For the reasons discussed below, we will affirm the District Court's judgment.

On January 12, 2006, Sergeant Joseph Milko of the Red Bank Police Department received a complaint about a seemingly abandoned vehicle that had two flat tires and was surrounded by debris. Upon arriving on the scene, Milko learned that the vehicle belonged to Poku; however, because the vehicle did not have a current registration as required by New Jersey law, see N.J. Stat. Ann. § 39:3-4, Milko issued Poku a summons and towed the vehicle. Poku pleaded not guilty and, after a trial before New Jersey Municipal Court Judge Himelman, was found guilty of having an unregistered vehicle. He then appealed to New Jersey Superior Court Judge Kreizman and prevailed in part: Judge Kreizman overturned Poku's conviction for having an unregistered vehicle but found him guilty of a lesser offense, failing to exhibit his registration in violation of N.J. Stat. Ann. § 39:3-29.

Poku filed a multi-count complaint in the District Court, asserting claims under federal and state law against Sergeant Milko and other individuals allegedly involved in towing his vehicle ("the officer defendants") and Judges Himmelman and Kreizman ("the judicial defendants"). The judicial defendants filed a motion to dismiss, arguing that they were absolutely immune from suit, which the District Court granted. After minimal

2

discovery, the officer defendants filed a motion for summary judgment, which the District Court also granted.  Poku then filed a timely notice of appeal in this Court.

In his appellate brief, Poku devotes the majority of his attention to attempting to make out a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.  However, he did not present a RICO claim to the District Court, and we will not address the merits of the claim for the first time on appeal.  See C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010).

Poku next argues that the District Court erred in according immunity to the judicial defendants.[1]  As the District Court recognized, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."  Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006).  There are two exceptions to this immunity — a judge is not immune (1) for "actions not taken in the judge's judicial capacity," and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Gallas v. Supreme Court, 211 F.3d 760, 768 (3d Cir. 2000) (internal quotation marks omitted).

Poku's reliance on these exceptions is to no avail.  The relevant acts of the judicial

---

[1]     Because Poku is proceeding pro se, we construe his brief liberally, and will address even those arguments that he has not developed in great detail.  See, e.g., United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).  At the same time, we will review only those arguments that he has actually presented.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned[.]" (internal citation omitted)).

defendants were unquestionably judicial — Poku focuses entirely on their conduct in adjudicating his motor-vehicle action. See id. at 770. He seeks to avoid the judicial-immunity bar by arguing that the judicial defendants bore ill will toward him personally; however, "judicial immunity is not overcome by allegations of bad faith or malice." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, while Poku takes issue with Judge Kreizman's disposition of his appeal, Judge Kreizman possessed jurisdiction over the appeal pursuant to N.J. Const. art. 6, § 3, ¶ 2 and N.J. Ct. R. 4:74-3; the fact that Poku claims that Judge Kreizman misapplied the law in resolving the appeal does not show that he clearly lacked jurisdiction. See Gallas, 211 F.3d at 769-71. Accordingly, we discern no error in the District Court's order dismissing Poku's claims against the judicial defendants.

We will likewise affirm the District Court's order granting judgment to the officer defendants on Poku's malicious-prosecution claim. To prove malicious prosecution under § 1983, the plaintiff must show, among other things, that "the criminal proceeding ended in plaintiff's favor." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). We have explained that in cases like this one, where the plaintiff was acquitted of one charge but convicted of another, the plaintiff will fail to establish that the proceeding ended in his favor "[w]hen the circumstances — both the offenses as stated in the statute and the underlying facts of the case — indicate that the judgment as a whole does not reflect the plaintiff's innocence." Id. at 188. Here, Poku's conviction for failing to exhibit his registration grew out of precisely the same

underlying conduct as the failing-to-maintain-a-registration charge. Accordingly, we conclude, even viewing the facts in Poku's favor, that the state criminal action did not end in his favor. See id. at 189.

Poku next reasserts his claim that the officer defendants enforced the motor-vehicle laws in a racially discriminatory fashion; we assume that Poku intends to assert a claim under the Equal Protection Clause. See, e.g., Holder v. City of Allentown, 987 F.2d 188, 197 (3d Cir. 1993) (explaining that selective, discriminatory enforcement of a facially valid law is unconstitutional under the Equal Protection Clause). To establish a selective-enforcement claim, Poku must show "(1) that he was treated differently from other similarly situated individuals, and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, or to prevent the exercise of a fundamental right." Dique v. N.J. State Police, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (internal quotation marks, alterations omitted).

We agree with the District Court that Poku has failed to present sufficient evidence in support of this claim to survive summary judgment. While he has argued that some vehicles that do not have valid registration have not been towed, he has not shown that the officer defendants had received complaints about those vehicles, that the vehicles were in a similar condition to his, or that the owners of those vehicles are of a different race. See, e.g., United States v. Armstrong, 517 U.S. 456, 465 (1996) (plaintiff bringing a selective-enforcement claim based on race "must show that similarly situated individuals of a different race were not prosecuted"). Therefore, we will affirm the

5

District Court's order granting summary judgment to the officer defendants on this claim. See Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196-97 (3d Cir. 2009); Bradley v. United States, 299 F.3d 197, 206-07 (3d Cir. 2002).

Finally, we conclude that the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Poku's claims arising under state law. See Stehney v. Perry, 101 F.3d 925, 939 (3d Cir. 1996).

Accordingly, we will affirm the District Court's judgment.[2]

---

[2] The judicial defendants' motion to file a supplemental appendix is granted. Poku's motions to strike the officer defendants' brief and the judicial defendants' supplemental appendix are denied.