**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2714
_____

CHARLES PRATT,
                                                Appellant
                            v.

THE PORT AUTHORITY OF NEW YORK & NEW JERSEY;
THE PORT AUTHORITY POLICE DEPARTMENT;
ABC CORP. 1-3;  JOHN DOE 1-3; P.O. NICHOLAS PIMIENTA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-04880)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2014

Before:  SMITH, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 8, 2014)
_____

OPINION
_____

PER CURIAM

Pro se appellant Charles Pratt appeals the District Court's order granting summary

judgment to the defendants.  We have jurisdiction under 28 U.S.C. § 1291 and exercise a

1

plenary standard of review over the District Court's order. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). As discussed below, we will affirm in part, vacate in part, and remand.

This case arises out of an October 15, 2010 encounter between Pratt and Officer Nicholas Pimienta of the Port Authority Police Department at a PATH station in Jersey City. Pratt had traveled to the station with his wife, Carla, with the intention of helping her resolve a problem she was having at work. However, Carla did not want Pratt's assistance, and asked Officer Pimienta to tell Pratt that he could not accompany her to her workplace. Officer Pimienta requested identification from Pratt and Carla; apparently Carla's identification was at her job site, and she was permitted to leave the scene to retrieve it.

At this point, Officer Pimienta's and Pratt's accounts of what occurred diverge sharply. Officer Pimienta testified in his deposition that he asked Pratt to stay by his side while he made a phone call, but Pratt started to wander away. Officer Pimienta then stopped Pratt, asked to search him, and Pratt consented. Either just before or just after Officer Pimienta commenced the search, Pratt began to cry uncontrollably. While Pratt did not possess any weapons or contraband, Officer Pimienta decided to handcuff him because of his emotional reaction; during the process, however, Pratt tripped over Officer Pimienta's foot, fell down, and brought Officer Pimienta down with him. Officer Pimienta then put his knees on Pratt's back and finished handcuffing him. While this was

2

occurring, backup arrived and Carla returned. Pratt was then transported to a hospital. Carla declined to make a criminal complaint against Pratt.

Pratt, for his part, claimed that after Carla left to collect her identification, Officer Pimienta made a phone call to his superiors. After a short time on the phone, Officer Pimienta told Pratt that he had to search him, and Pratt, after initially objecting, acquiesced; at Officer Pimienta's request, he lifted his arms and placed his hands against a nearby wall. Once the search was completed and Officer Pimienta stepped back, Pratt dropped his arms. This display of initiative angered Officer Pimienta, who responded by calling Pratt a racial epithet, demanding that he return his hands to the wall, and slamming him against the wall. Next, Officer Pimienta put a handcuff on one of Pratt's wrists, jostled him, and tackled him to the ground by his neck. Pratt landed face-first on the concrete, and Officer Pimienta, accompanied now by other officers who had recently arrived, pressed his knees on Pratt's back. At some point during this incident, Pratt began to cry because he was in intense pain.

Pratt was then taken to a hospital. He claimed that because of Officer Pimienta's conduct, he sustained acute, traumatic herniated discs in his cervical spine, and began to suffer migraine headaches that persisted for years. Among other things, he presented a letter from his chiropractor stating "it is my professional opinion that Mr. Pratt sustained injuries as a direct result of the 10/15/2010 accident," and that "I must conclude, therefore, that this injury is fixed and has resulted in a permanent loss of the normal use

3

of the cervical spine along with chronic pain, tenderness and muscle spasm. . . . . [which] in itself represents a significant limitation in the patient performing ordinary daily functions."

Pratt filed a complaint against Officer Pimienta, Port Authority of New York and New Jersey, and several John Doe defendants (collectively, "the defendants"), raising claims of excessive force, false arrest, municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), and various claims under state law. The defendants filed a motion for summary judgment, which the District Court granted. Pratt then filed a timely notice of appeal to this Court.

In this Court, Pratt has filed an informal brief, which consists mostly of irrelevant complaints about his attorney's performance in the District Court. Defendants argue that Pratt has consequently waived all challenges to the District Court's order. However, because Pratt is proceeding pro se, we will construe his brief liberally. See, e.g., United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). Under this liberal construction, we conclude that he has presented two (bare-bones) arguments: (1) that the District Court erroneously evaluated the facts in granting summary judgment to Officer Pimienta on the excessive-force claim; and (2) that the District Court erred in failing to adjudicate the state-law claims. We agree with the defendants that Pratt has waived any other claims. See generally United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief

4

constitutes waiver of that issue on appeal."); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

We turn first to Pratt's excessive-force claim under 42 U.S.C. § 1983. This claim is analyzed under "the Fourth Amendment's objective reasonableness standard." Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007) (quotation marks omitted). In determining whether an officer's force was reasonable, we consider, among other things, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 207 (quotation marks omitted).

Here, the District Court granted judgment to Officer Pimienta on the ground that "[t]he uncontroverted evidence indicates that Plaintiff simply tripped over Defendant while Defendant was handcuffing him and that neither Defendant, nor anyone else on the scene, ever struck, punched or hit Plaintiff in anyway."[1] However, in reaching this conclusion, the District Court impermissibly adopted Officer Pimienta's version of the facts while rejecting Pratt's; as the factual summary above makes plain, the facts

---

[1] More specifically, the District Court concluded that Officer Pimienta was entitled to qualified immunity because there had been no constitutional violation. The Court resolved the case without reaching the second prong of the qualified-immunity analysis — that is, whether the constitutional right was clearly established at the time of the injury, Pearson v. Callahan, 555 U.S. 223, 232, 236 (2009) — and we will likewise focus on the initial question of whether there has been a constitutional violation, leaving analysis of the second prong to the District Court to complete in the first instance if appropriate.

5

surrounding the parties' encounter were hotly contested.  See generally Boyle v. Cnty. of Allegheny Pa., 139 F.3d 386, 393 (3d Cir. 1998) ("at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder").  Indeed, in his deposition testimony (which Pratt filed in opposition to the defendants' motion), Pratt expressly rejected the claim that he just tripped over Officer Pimienta's foot, stating, "No, I didn't trip over him, he tripped me."

Viewing the facts in the light most favorable to Pratt, as we must at this stage, see id., Pratt did not resist Officer Pimienta in any way, was unarmed, and had committed, if anything, a relatively minor offense, yet Officer Pimienta tackled him, face-first, onto the ground, twisting his neck on the way down, and causing him serious and permanent spinal injuries.  Under these facts, a jury could reasonably find that the force Officer Pimienta used against Pratt was unreasonable.  See, e.g., Raiche v. Pietroski, 623 F.3d 30, 37 (1st Cir. 2010) (affirming jury verdict in support of plaintiff who was stationary and non-threatening when he was tackled by officer); Chelios v. Heavener, 520 F.3d 678, 689-90 (7th Cir. 2008) (reversing grant of summary judgment to defendant when jury could have found that three officers tackled compliant plaintiff); Smoak v. Hall, 460 F.3d 768, 783-84 (6th Cir. 2006).  Thus, although we express no opinion as to the ultimate outcome of this case, we conclude that the District Court erred in granting summary judgment to Officer Pimienta on Pratt's excessive-force claim.[2]

---

[2] In the District Court, the defendants' only argument concerning this claim was that Pratt

Moreover, the District Court declined to exercise supplemental jurisdiction over Pratt's claims under state law upon granting judgment to the defendants on all of the federal claims. See 28 U.S.C. § 1367(c)(3). Because our decision to remand this matter as to Pratt's excessive-force claim under § 1983 means that not all claims over which the District Court has original jurisdiction have been denied, we will also vacate and remand the District Court's order as to supplemental jurisdiction.

Accordingly, we will vacate the District Court's order to the extent that it (1) granted judgment to Officer Pimienta on the excessive-force claim; and (2) declined to exercise supplemental jurisdiction over Pratt's state law claims. In all other respects, we will affirm.

---

had failed to establish a causal connection between his alleged injuries and the alleged force. However, even if this is true (an issue on which we express no opinion), Pratt may still be awarded nominal damages. See Pryer v. C.O. 3 Slavic, 251 F.3d 448, 453 (3d Cir. 2001); see also Briggs v. Marshall, 93 F.3d 355, 360 (7th Cir. 1996).