**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4794
_____

ANTHONY GHAFFARI,
                                    Appellant

v.

WELLS FARGO BANK NA;
FREDDIE MAC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:13-cv-02988)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2015

Before: CHAGARES, JORDAN and NYGAARD, Circuit Judges

(Opinion filed July 21, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Ghaffari appeals from the order of the United States District Court for the Middle District of Pennsylvania dismissing his amended complaint with prejudice. For the following reasons, we will affirm.

Because we write primarily for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. In 2011, after Ghaffari defaulted on his mortgage, Wells Fargo Bank, N.A. (Wells Fargo), the servicer of Ghaffari's mortgage, initiated foreclosure proceedings in Pennsylvania state court. Ghaffari responded to the lawsuit by filing a counterclaim against Wells Fargo.

While that case was still pending, in January 2013, Ghaffari filed a separate civil action in the United States District Court for the District of Columbia (D.C. Court) naming as defendants Wells Fargo, the Federal Home Loan Mortgage Association (Freddie Mac), and Wells Fargo's foreclosure law firm, Phelan Hamilton, LLP (Phelan).[1] All of the defendants moved to dismiss the complaint. Thereafter, the D.C. Court granted Phelan's motion to dismiss for lack of personal jurisdiction.

---

[1] The Rooker-Feldman doctrine, see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), did not deprive the D.C. Court of subject matter jurisdiction because the state and federal cases were proceeding concurrently. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine is limited to "cases [involving] . . . state-court judgments rendered before the district court proceedings commenced").

Ghaffari then filed an amended complaint naming only Freddie Mac and Wells Fargo as defendants.[2]  In the main, Ghaffari complained that he was improperly denied the opportunity to modify his mortgage loan (or obtain other relief) before foreclosure proceedings commenced.  Thereafter, Ghafarri voluntarily dismissed Freddie Mac from the action.  Wells Fargo moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6).  The D.C. Court granted the motion in part, dismissing only the first claim in the amended complaint.  Without ruling on the remaining claims, the D.C. Court transferred the case to the United States District Court for the Middle District of Pennsylvania (Middle District) for further proceedings.[3]

After the case was transferred to the Middle District, Wells Fargo filed a motion to dismiss Ghaffari's remaining five claims.  After Ghaffari filed an opposing brief, the Court granted Wells Fargo's motion to dismiss, determining that Ghaffari had failed to state a claim upon which relief could be granted.  Ghaffari appeals.[4]

---

[2] The amended complaint alleged violations of: (1) the 2012 National Mortgage Consent Judgment entered into between the federal government and Wells Fargo in United States v. Bank of America, et al., No. 1:12-cv-00361-RMC (D.D.C. Apr. 4, 2012); (2) the National Housing Act, 12 U.S.C. § 1701x(c)(5); (3) a "Pooling and Servicing Agreement;" (4) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; (5) a consent agreement between Wells Fargo and the Office of the Comptroller of Currency; and (6) and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.

[3] The D.C. Court determined that venue was no longer proper in that Court in light of its dismissal of claim one, which was the only claim over which it had original jurisdiction.

[4] We have appellate jurisdiction under 28 U.S.C. § 1291.  Our review is plenary.  See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008).

3

Ghaffari appears to raise the following arguments in his informal brief: (1) he was entitled to complete discovery before the Middle District ruled on Wells Fargo's motion to dismiss; (2) the Middle District did not apply the correct standard of review; (3) the D.C. Court had already denied Wells Fargo's motion to dismiss with respect to claims two through six in the amended complaint; and (4) the Middle District should not have dismissed his remaining claims "with prejudice."[5] We review these arguments in turn.

Contrary to Ghaffari's assertion, we conclude that the Middle District did not err in granting Wells Fargo's motion to dismiss before discovery was complete. When reviewing a motion to dismiss under Rule 12(b)(6), a district court considers whether the plaintiff is entitled to offer evidence to support the allegations in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). Indeed, the purpose of Rule 12(b)(6) is to "streamline litigation by dispensing with needless discovery and factfinding," see Neitzke v. Williams, 490 U.S. 319, 326-27 (1989), and motions to dismiss filed under that Rule should typically "be resolved before discovery

---

[5] Because Ghaffari is proceeding pro se, we construe his brief liberally, and will address even those arguments that he has not developed in great detail. See, e.g., United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). At the same time, we will review only those arguments that he has actually presented. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned[.]" (internal citation omitted)).

begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). The Middle District considered the truth of all of the facts that Ghaffari alleged in his amended complaint and determined that none of his claims stated a cause of action upon which relief could be granted. Such action was appropriate. Moreover, Ghaffari does not specify what additional information that he might have obtained in discovery that would have rendered his claims actionable.[6]

Ghaffari also asserts that the Middle District applied the wrong standard of review in assessing his claims. Specifically, he claims that the Court applied the summary judgment standard rather than the standard for motions to dismiss. We disagree. The Middle District described the Rule 12(b)(6) standard at length and applied it properly, assuming the truth of all of the factual allegations contained in the amended complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).[7] The Middle District did not look beyond the allegations in the amended complaint except to review the exhibits that Ghaffari had attached to it, which was entirely appropriate. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir.

---

[6] Ghaffari does not explicitly challenge on appeal any of the District Court's bases for dismissing his claims. To the extent that he otherwise could be said to challenge the rulings on the merits, we note that we agree with the District Court that, for the reasons that it thoroughly and adequately explained, Ghaffari's complaint does not state a plausible claim for relief.

[7] The Middle District was not required, however, to accept Ghaffari's conclusory statements as true. See Iqbal, 556 U.S. at 678.

2011) (per curiam) (determining that documents attached to a complaint may properly be considered at the pleading stage).

Ghaffari also appears to argue that the Middle District should not have granted Wells Fargo's motion to dismiss because the D.C. Court had already denied Wells Fargo's motion as to all of his claims. Ghaffari misunderstands the action taken by the D.C. Court. Although the D.C. Court granted Wells Fargo's motion to dismiss with respect to claim one, the Court declined to issue a ruling on the remaining five claims. Rather, the D.C. Court transferred the case to the Middle District so that it could adjudicate the balance of Ghaffari's amended complaint. Thus, the Middle District had the authority to review and decide Wells Fargo's motion to dismiss claims two through six.

Finally, Ghaffari argues that the Middle District should not have dismissed his amended complaint "with prejudice." Ghaffari appears to believe that the Middle District should have given him another opportunity to amend his complaint. However, he does not take into consideration that he had already been given an opportunity to amend his complaint after Wells Fargo filed its motion to dismiss his original complaint. And, although Ghaffari also seems to believe that he should have been granted an automatic opportunity to amend his complaint, the Middle District was under no obligation to do so under these circumstances. See generally Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007). Further, in light of the reasons

cited by the Middle District for dismissing his claims, Ghaffari has not set forth any reason to believe that further amendment of his complaint would have cured the deficiencies identified by the Court. Phillips, 515 F.3d at 245 (determining that dismissal without leave to amend is justified where the amendment would be futile).

Accordingly, we will affirm the District Court's judgment.